```
               IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF TEXAS
                       FORT WORTH DIVISION
```

| | | |
|---|---|---|
| KAMAL PATEL | § | |
| | § | |
| VS. | § | CIVIL ACTION NO.4:08-CV-680-Y |
| | § | |
| UNITED STATES OF AMERICA | § | |

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

On April 24, 2008, while this action was pending before another court, the United States of America filed a motion for summary judgment along with a brief in support.[1] After being provided several extensions of time to respond to the motion prior to transfer to this Court, plaintiff Kamal Patel filed, on November 21, 2008, documents construed as a response to the motion for summary judgment, memorandum brief in support, and an appendix. In response to this Court's order, the United States then filed a reply to Patel's response with an appendix, and Patel has filed a sur-reply with exhibits attached.

Patel's remaining claims in this action assert a right to recover under the Federal Tort Claims Act ("FTCA") against the United States.[2] After review and consideration of the motion for summary judgment of the United States, this Court concludes that,

---

[1] Attached to the brief was the April 23, 2008, Declaration of Lynnell Cox. At the time the motion for summary judgment was filed, Patel had two actions pending, but by order of December 10, 2008, this Court granted the motion in part and dismissed the claims in case number 4:08-CV-681-Y. Cox's declaration related to the issues involved in the dismissed suit.

[2] Plaintiff's claims under the Alien Tort Claims Act, 28 U.S.C. § 1350 were dismissed by prior order in this case. *Patel v. United States,* No. 05-083-A, docket no. 24, July 25, 2005.

as the FTCA's discretionary-function exception precludes subject-matter jurisdiction in this case, the motion for summary judgment of the United States must be granted for the reasons stated in the brief in support of the United States's motion for summary judgment at section IV, pages 10-18, for the reasons stated in the reply, and as set forth herein.[3]

The United States is immune from suit unless it consents to be sued, and the terms of such consent or waiver of its sovereign immunity "define [the] Court's jurisdiction to entertain the suit."[4] The Federal Tort Claims Act (FTCA) constitutes a waiver of sovereign immunity.[5] The FTCA authorizes civil actions for damages against the United States for personal injury caused by the negligence of government employees when private individuals would be liable under the substantive law of the state in which the negligent acts occurred.[6] The FTCA, however, excepts discretionary

---

[3]The Court rejects Patel's argument that because the discretionary-function exception was not raised or considered earlier in the proceedings in this case, it is waived. *See* FED R. CIV. P. 12(h)(3); *Kontrick v. Ryan,* 540 U.S. 443, 455 (2004)(party may "raise a court's lack of subject matter jurisdiction at any time . . . even initially at the highest appellate instance"); *Simon v. Wal-Mart Stores, Inc.,* 193 F.3d 848, 850 (5th Cir. 1999)("a party may neither consent to nor waive federal subject matter jurisdiction"); see also *Jones v. Performance Service Integrity,* 492 F.Supp. 2d 590, 593-94 (N.D.Tex. 2007)("a federal court has an independent duty, at any level of proceedings, to determine whether it properly has subject matter jurisdiction over a case").

[4]*United States v. Testan,* 424 U.S. 392, 399 (1976).

[5]*See* 28 U.S.C.A. § 1346(b)(West 2006).

[6]*Id;* 28 U.S.C.A. § 2674 (West 2006); *see also Quijano v. United States,* 325 F.3d 564, 567 (5th Cir.2003).

functions from this waiver of sovereign immunity.[7] The discretionary-function exception provides that the waiver of sovereign immunity does not apply to: "[a]ny claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused."[8]

The Supreme Court has developed a two-part test for determining whether conduct qualifies as a discretionary function.[9] The Court of Appeals for the Fifth Circuit recently restated the elements of this test and factors to consider in resolving whether the elements have been proven:

> First, the conduct must be a "matter of choice for the acting employee." *Berkovitz*, 486 U.S. at 536, 108 S.Ct. 1954. "The exception covers only acts that are discretionary in nature, acts that 'involv[e] an element of judgment or choice.' " *Gaubert*, 499 U.S. at 322, 111 S.Ct. 1267 (quoting *Berkovitz*, 486 U.S. at 536, 108 S.Ct. 1954) (alteration in original). Thus, " 'it is the nature of the conduct, rather than the status of the actor' that governs whether the exception applies." Id. (quoting *Varig Airlines*, 467 U.S. at 813, 104 S.Ct. 2755). If a statute, regulation, or policy leaves it to a federal agency or employee to determine when and how to take action, the agency is not bound to act in a particular manner and the exercise of its authority is discretionary. *See id.* at 329, 111 S.Ct. 1267. On the other hand, "[t]he requirement of judgment or choice is not satisfied" and the discretionary function exception

---

[7]*See* 28 U.S.C.A. § 2680(a)(West 2006).

[8]*Id.*

[9]*See United States v. Gaubert,* 499 U.S. 315, 322-23 (1991)(citing *Berkovitz v. United States,* 486 U.S. 531, 536-37 (1988)).

does not apply "if a 'federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow,' because 'the employee has no rightful option but to adhere to the directive.' " Id. at 322, 111 S.Ct. 1267 (quoting *Berkovitz*, 486 U.S. at 536, 108 S.Ct. 1954).

Second, "even 'assuming the challenged conduct involves an element of judgment,' " we must still decide that the " 'judgment is of the kind that the discretionary function exception was designed to shield.' " Id. at 322-23, 111 S.Ct. 1267 (quoting *Berkovitz*, 486 U.S. at 536, 108 S.Ct. 1954); *see also Varig Airlines*, 467 U.S. at 813, 104 S.Ct. 2755. "Because the purpose of the exception is to 'prevent judicial "second-guessing" of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort,' when properly construed, the exception 'protects only governmental actions and decisions based on considerations of public policy.' " *Gaubert*, 499 U.S. at 323, 111 S.Ct. 1267 (quoting *Berkovitz,* 486 U.S. at 537, 108 S.Ct. 1954). With this understanding, however, "if a regulation allows the employee discretion, the very existence of the regulation creates a strong presumption that a discretionary act authorized by the regulation involves consideration of the same policies which led to the promulgation of the regulations." Id. at 324, 111 S.Ct. 1267. "The focus of the inquiry is not on the agent's subjective intent in exercising the discretion conferred by statute or regulation, but on the nature of the actions taken and on whether they are susceptible to policy analysis."[10] *Id*. at 325, 111 S.Ct. 1267.

In this case, Patel complains of several of his transfers between institutions within the Bureau of Prisons ("BOP") system.[11]

---

[10]*Freeman v. United States,* No. 07-31066, 2009 WL 146579, at *8 (5th Cir. Jan. 22, 2009).

[11]When this case was previously before this division, the Court, in ruling on the government's motion to dismiss based upon the statute of limitations, held:

> It appears that this is a [continuing tort doctrine] case, as plaintiff complains about repeated transfers to facilities lacking the means to provide prescribed medical care. Defendant has not made any persuasive argument in response, although it does argue

4

He alleges that he was repeatedly transferred to institutions that did not have the proper medical care and physical therapy for a documented cervical radiculopathy condition and that, as a result of the transfers, he failed to receive the proper medical care for his condition, which caused him to suffer deterioration, nerve damage, physical pain, and mental anguish. (Compl. 5-6.) Patel has argued to the court that his claim is not for medical malpractice, but only for the alleged negligence of administrators in making transfer decisions.[12] Thus, the issue before this Court is whether

---

> that plaintiff can only recover for injuries incurred within the two-year time period prior to the filing of his administrative claim [June 23, 2004]. The Court agrees.

*Patel v. United States,* No. 05-CV-083-A docket no. 24 (July 25, 2008, Order). The government argues that Patel is limited to arguing only about the two transfers that occurred in the two years prior to June 2004. As noted earlier, even if the continuing-tort doctrine applies, Patel is limited to seeking to recover damages only for injuries occurring within the two years prior to filing the administrative complaint. *See Hoery v. United States,* 324 F.3d 1220, 1222 (10th Cir. 2003)(citing *United States v. Hess,* 194 F.3d 1164, 1177 (10th Cir. 1999). Thus, as Patel could recover damages only for transfers which occurred between June 2002 and June 2004, this Court will review only the transfer decisions in that period. For this reason, Patel's arguments regarding alleged actions taken by the BOP in listing an incorrect transfer code with regard to the 2001 transfer from FTC--Oklahoma City to FCI--Bastrop, and the government's reply thereto, were not considered in resolving the motion. As a result, Patel's motion for sanctions relating to the government's briefing on this issue [docket no. 271] is DENIED. Even if Patel's motion for sanctions were to be considered, it must be denied for two other reasons: it was filed without permission of the Court in violation of the Court's December 10, 2008, order; and it is without merit, for the reasons stated in the February 19, 2009, response of the United States.

[12]In a brief in support of his opposition to a prior motion for summary judgment, Patel argued:

> In this case, plaintiff's complaints are directed not at medical providers but officials in administrative positions. The complaint alleges negligence on the part of the BOP administrators involved in transfer decisions working at the South Central Region of the Bureau of Prisons in that these administrators were negligent and breached the duty of care imposed by § 4042 in making transfer decisions and forcing plaintiff to be incarcerated at prisons which were not capable of providing the necessary medical care due to inadequacy of

5

the discretionary-function exception to the waiver of sovereign immunity applies to the decisions of BOP staff to transfer Patel within BOP correctional facilities.[13]

In order to meet the first prong of the *Gaubert* test, Patel must demonstrate[14] that the United States "violated a federal statute, regulation, or policy that is both specific and mandatory."[15] Title 18 U.S.C. § 3621(b) provides that the BOP *may* at any time, having regard for several factors, transfer a prisoner

---

the prison facilities or infrastructure. *Patel v. United States,* No. 4:05-CV-083-A (January 10, 2006, Brief in Opposition to Motion for Summary Judgment at 12).

[13]Patel argues in response to the motion for summary judgment that the exception does not apply because officials acted to punish him for exercise of his constitutional right to exercise his faith, and he attaches several exhibits relating to whether he was the subject of retaliation as a Muslim inmate. (November 21, 2008, Brief at 27-28; November 21, 2008, Appendix at Exhibit 2.) The Court of Appeals for the Fifth Circuit recently recognized in *Castro v. United States,* 2009 WL 416983, *6-9 (5th Cir. February 20, 2009) that the discretionary function exception would not apply to actions that involve a violation of the Constitution. But any question of whether transfers were made in violation of Patel's constitutional rights is not before this Court as Patel has not alleged in his complaint that any of the transfers were made in violation of his constitutional rights. *Cf Castro,* 2009 WL 416983, at *9 ("[Plaintiff] alleges a plausible set of facts supporting subject matter jurisdiction because *based on her complaint,* the Border Patrol Agents' actions . . . implicate constitutional concerns and, therefore, may have been non-discretionary.")(emphasis added). Further, Patel did not challenge the transfers as a violation of his constitutional rights in his administrative tort claim, and thus such claim is barred from consideration under 28 U.S.C. § 2675(a).

[14]Although other circuit courts of appeal are split on whether the plaintiff or government bears the burden to show whether a discretionary-function exception to a waiver of sovereign immunity applies, the Court of Appeals for the Fifth Circuit recently noted that "without addressing which party bears the ultimate burden of proving the applicability of the exception . . . [on a motion to dismiss] . . . [Plaintiff] must advance a claim that is facially outside the discretionary-function exception in order to survive the motion to dismiss, regardless of which party bears the ultimate burden of proof." *St. Tammany Parish, ex rel.Davis v. Federal Emergency Management Agency, et al.,* No.08-30070, 2009 WL 146582, at *6, n.3 (5th Cir. Jan. 22, 2009)(citations omitted).

[15]*Elder v. United States,* 312 F.3d 1172, 1176 (10th Cir. 2002)(citation omitted); *see also Lively v. United States,* 870 F.2d 296, 299 (5th Cir. 1989).

from one penal or correctional facility to another.[16] This language does not mandate a "specific, non-discretionary course of conduct for the BOP to follow in classifying prisoners and placing them in a particular institution," rather, it gives "the BOP ample room for judgment by listing a non-exhaustive set of factors for the BOP to consider and leaving to the BOP what weight to assign to each factor."[17] Several courts have recognized that decisions regarding which prison an inmate should be transferred to involve the type of judgment that the discretionary-function exception was designed to

---

[16] 18 U.S.C. § 3621(b) provides in part:

The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering--

(1) the resources of the facility contemplated;
(2) the nature and circumstances of the offense;
(3) the history and characteristics of the prisoner;
(4) any statement by the court that imposed the sentence--
    (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
    (B) recommending a type of penal or correctional facility as appropriate; and
(5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

In designating the place of imprisonment or making transfers under this subsection, there shall be no favoritism given to prisoners of high social or economic status. *The Bureau may at any time, having regard for the same matters, direct the transfer of a prisoner from one penal or correctional facility to another.*

18 U.S.C.A. § 3621(b)(West 2000)(emphasis added).

[17] *Cohen v. United States,* 151 F.3d 1338, 1343 (11th Cir. 1998), *cert. den'd,* 526 U.S. 1130 (1999).

7

shield.[18]

Patel seeks to distinguish by contending that 18 U.S.C. § 4042 creates a non-discretionary duty of care on BOP personnel. That section provides, in relevant part, that "[t]he Bureau of Prisons, under the authority of the Attorney General, shall . . . provide for the safekeeping, care and subsistence . . . [and] protection . . . of all persons charged with or convicted of offenses against the United States."[19] Patel cites a case from this division, *Muhammed v. United States,*[20] in which the Court concluded that § 4042 creates, for tort liability purposes, a duty to use reasonable care to do the things the BOP is obligated by § 4042 to do.[21] But

---

[18]*See, e.g., Webber v. Fed. Bureau of Prisons,* No.6:03-CV-079-C, 2005 WL 176122, *8 (N.D.Tex. Jan. 27, 2005)(citing *Cohen,* 151 F.3d at 1343); *Santana-Rosa v. United States,* 335 F.3d 39, 44 (1st Cir. 2003)("decisions with regard to classification of prisoners, assignment to particular institutions or units, and allocation of guards and correctional staff must be viewed as falling within the discretionary function exception to the FTCA"); *Cohen,* 151 F.3d at 1345 (BOP's decisions in classifying and placing prisoners are among those that fall within discretionary-function exception); *Enlow v. United States,* 161 Fed. Appx. 837, 2006 WL 10921, at *3 (11th Cir. 2006)(noting BOP inmate plaintiff's admission that "Federal Reporters are replete with cases holding that the discretionary function exception bars claims arising from allegations that the Bureau of Prisons negligently classified or transferred a prisoner"); *Bethae v. United States,* 465 F.Supp. 2d 575, 583 (D.S.C. 2006)("[b]ecause the decision over whether to house [inmate] involved an element of judgment or choice, the first part of the Gaubert test is satisfied").

[19]18 U.S.C. §§ 4042(a)(2) and (a)(3)(West 2000).

[20]6 F. Supp. 2d 582 (N.D. Tex. 1998).

[21]*Id.* at 594-95 (referring to the Supreme Court's language in *United States v. Muniz,* 374 U.S. 150, 164-65 (1963) that "the duty of care owed by the Bureau of Prisons to federal prisoners is fixed by 18 U.S.C. § 4042, independent of an inconsistent state law"); *but see Brown v. United States,* No.4:02-CV-685-BE, 2004 WL 2187140, at *4, n4. (N.D.Tex. 2004)

> (*Muniz* is binding Supreme Court authority; however, using a federal statute to establish existence of a duty appears to be at odds with the language of the FTCA, which conditions the United States's tort liability on existence of state-law liability. *See Dawson v. United*

8

that case did not involve consideration of the discretionary-function exception, and cases that have considered § 4042 and the discretionary-function exception recognize that even to the extent such statute creates a general duty of care to prisoners, the BOP retains sufficient discretion in the manner such duties are fulfilled.[22] The Court thus holds that, to the extent § 4042 imposes a general duty of care, because it sets forth no particular course of action for BOP officials to follow it does not render the discretionary-function exception inapplicable to this case.

Patel also argues that portions of BOP program statement 5100.07 regarding what information is to be included in a request for transfer of an inmate were not followed by BOP staff in order

---

*States*, 68 F.3d 886, 896 (5th Cir.1995)(reversing award of sanctions against counsel for advancing argument that state law, rather than Section 4042, governed liability issues for prisoner FTCA claim because counsel's argument was reasonable and made in good faith); *Johnson v. Sawyer*, 47 F.3d 716, 727 (5th Cir.1995)(adhering to principle that FTCA was not intended to redress breach of a federal statutory duty). This anomaly has been noted in previous cases within the Northern Dis*trict* of Texas, with differing results. *Compare Haliq v. United States*, No. 4:97-CV-1030-Y (N.D.Tex.Mar.8, 2001)(declining to decide if *Muniz* or Texas premises liability law controlled FTCA claim because outcome was same under either standard) with *Muhammed v. United States*, 6 F.Supp.2d 582 (N.D.Tex.1998)(holding that *Muniz* determines Bureau of Prison's duty to inmates for purposes of FTCA claim).

[22]*See Garza v. United States,* 161 Fed. Appx. 341, 343, 2005 WL 3478009 (5th Cir. 2005)("section 4042's mandate to protect prisoners . . . [does not] define a non-discretionary course of action specific enough to render the discretionary-function exception inapplicable")(unpublished); *see also Montez ex rel. Estate of Hearlson v. United States,* 359 F.3d 392, 396 (6th Cir. 2004)(noting that under § 4042 "BOP officials are given no guidance, and thus have discretion, in deciding how to accomplish objectives"); *Cohen*, 151 F.3d at 1342 ("the BOP retains sufficient discretion in the means it may use to fulfill [any § 4042 imposed duty] to trigger the discretionary function exception"); *Calderon v. United States,* 123 F.3d 947, 950 (7th Cir. 1997)(holding that § 4042 does not direct the manner of care or particular conduct the BOP should engage in or avoid while attempting to fulfill its duties).

9

for BOP South Central Regional Office to make informed decisions about where to place him. Program Statement 5100.07 provides that a routine transfer request is submitted on a form entitled "Request for Transfer/ Application of Management Variable (EMS 409)" which shall be completed to: "(1) Include current, complete, and accurate available information concerning any medical problem that might affect designation; (2) Include a brief description of the inmate's adjustment during this period of incarceration with emphasis on recent adjustment; (3) Include all actions reflected on the current Custody Classification Form (BP-338)." Patel contends that complete and accurate medical information about him, in violation of this mandatory regulation, was not included.

But implicit in the Program Statement's use of the clause to include medical information "that might affect designation," is the principle that staff requesting an inmate's transfer must use discretion to determine which, if any, of the inmate's medical problems might affect his designation. The clause did not require BOP staff to include all information about any medical problem, only information that staff determined could affect his placement. Whether the information about Patel's medical conditions within any transfer packet should have included other alleged health conditions is not at issue. Rather, what is relevant to determining the applicability of the discretionary-function exception is that BOP staff were allowed discretion to list medical problems that

10

they determined might affect Patel's designation.[23]  Accordingly, the cited language of the policy statement does not remove the BOP staff's decision from the discretionary-function exception.

Patel also cites another potion of program statement 5100.07, Chapter 7, page 12, relating to application of such a "management variable" where the need for medical treatment causes placement "outside the guidelines."  But the relied-upon language of that portion of the program statement reads: "documented information reflecting that the inmate may need medical treatment or surgical treatment may require a designation to a medical referral center." The repeated use of the phrase *may* within this variable confirms that any decision to place an inmate in a different facility for medical purposes is discretionary.[24]

Patel also contends that the BOP failed to follow program statement 5100.07 because the individual staff members who approved his transfers in the BOP regional office did not have authority to grant a transfer for medical reasons. But program statement

---

[23]*See generally Buchanan v. United States,* 915 F.2d 969, 971 (5th Cir. 1990)("The question we must answer, then, is not whether the prison officials acted with due care but whether their conduct was the result of the performance of a discretionary function").

[24]Patel has recently moved to supplement his response to the motion for summary judgment to supply his February 25, 2009, "Affidavit" with an April 23, 2003, "Inmate Profile" BOP record related to Patel attached thereto. The motion [docket no. 281] is GRANTED.  As Patel's February 25, 2009, declaration is not declared to be "true and correct," is not based on personal knowledge, and relies upon hearsay, it is not considered by this Court.  Even to the extent the record attached thereto is alternatively considered, that Patel was shown in April 2003, as considered to be at "care level 3" does not change the fact that the cited portions of the program statement afforded discretion to BOP officials in making medical placement decisions.

5100.07, Chapter 10, page 4, provides that "routine transfers are submitted to the Regional Director via Request for Transfer/Application of Management Variable (EMS 409)." Page 2 of Chapter 10 of that program statement also provides that a medical transfer is "approved by the Central Office Medical Designator in the Office of Medical Designations and Transportation(OMDT) Central Office." Thus, if any transfer request was submitted for medical reasons (as would have been required under the EMS 409 if it were deemed to "affect designation"), that request would have been routed to the OMDT under this policy. Patel's arguments on this point do not change the application of the discretionary-function exception.

The second prong of the *Gaubert* test requires that this Court determine whether the judgment of discretion the BOP exercised is the type of that is susceptible to policy analysis. Decisions by BOP officials pertaining to transfers and designations have been recognized as policy-laden.[25] Here, under Patel's complaint for relief challenging his transfer, he can bring an action claiming that the BOP was negligent in reviewing the many factors and

---

[25]*Cohen,* 151 F.3d at 1344 ("Deciding how to classify prisoners and choosing the institution in which to place them are part and parcel of the inherently policy-laden endeavor of maintaining order and preserving security within our nation's prisons")(citing *Bell v. Wolfish,* 441 U.S. 520, 547 (1979)); *Bethea,* 465 F.Supp. 2d at 583 (noting that the decision of where to house an inmate is subject to public-policy analysis)(citing *Bailey v. Salvation Army,* 51 F.3d 678, 685 (7th Cir. 1995)("The Bureau of Prisons' approval of transfer of inmates to halfway houses is entwined with the social considerations of integrating prisoners into society")).

12

considerations inherent in making such placement. The discretionary-function exception is designed to prevent such second guessing of the BOP's discretionary transfer decisions.[26]

Therefore, for all of these reasons, the April 24, 2008, motion for summary judgment of defendant United States [docket no. 206] is GRANTED and this case is DISMISSED WITH PREJUDICE for lack of subject-matter jurisdiction.

SIGNED March 12, 2009.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[26]See Bethea, 465 F.Supp.2d at 583 ("the decision regarding transferring an inmate to another facility is the kind that the discretionary function exception was designed to shield").